UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAK'D NAGI, for herself and as mother and
natural guardian of HAMZEH NAGI,

                    Plaintiffs,

v.                                  **ORDER**
                                  12-CV-746S

PSA HEALTHCARE, d/b/a PEDIATRIC
SERVICES OF AMERICA, INC.,

                    Defendant.

      1.      On July 12, 2013, Plaintiffs' attorney, Benjamin Andrews, filed an affidavit indicating that the parties reached a settlement in this case. (Docket No. 17.) Plaintiff Nak'd Nagi, the mother of Hamzeh Nagi, who is non-communicative and non-ambulatory, therefore filed a motion to approve the settlement on Hamzeh's behalf. (Id.)

      2.      An action on behalf of an infant or an incompetent may not be settled or dismissed without leave of this Court. The procedures for obtaining such leave are set forth in Rule 41(a)(1) of the Local Rules of Civil Procedure for the Western District of New York, which in turn incorporates the applicable provisions of New York's Civil Practice Law and Rules ("CPLR").

      3.      Under those provisions, this Court finds that: (1) there is good cause to excuse Hamzeh's appearance; (2) neither a hearing nor his appearance is necessary to approve the settlement; (3) the payment of reasonable attorney's fees and disbursements is approved under Local Rule 41(a)(1)(C); (4) the distribution of the settlement money conforms with N.Y. C.P.L.R. § 1206; and (5) the settlement and distribution of the settlement money is in the best interests of Hamzeh.

      IT HEREBY IS ORDERED, that Nak'd Nagi, as Hamzeh Nagi's parent and natural

guardian, is authorized to settle this action on his behalf.

FURTHER, that the motion to approve the settlement on behalf of Hamzeh Nagi (Docket No. 17) is GRANTED.

FURTHER, that the settlement of Hamzeh Nagi's claims are APPROVED as set forth in the Andrews' affidavit. (See Docket No. 17, ¶¶ 5–12.)

FURTHER, that the firm Andrews, Bernstein, Maranto & Nicotra, PLLC, attorneys for Plaintiffs, is permitted to deduct the costs and attorney fees described in the Andrews' affidavit, all of which are reasonable.

FURTHER, that Defendant shall pay the sum of $500.00 to Dennis P. Cleary, Esq., for preparing the special needs trust.

FURTHER, that the balance of Hamzeh's Nagi's settlement (after attorney fees, costs, and payment to Dennis Cleary) shall be deposited in the special needs trust and used strictly for Hamzeh's use and benefit.

FURTHER, that Plaintiffs will defend and indemnify Defendant against any claim or action asserted against the settlement proceeds; and Plaintiffs will have the sole responsibility to satisfy any such lien, claim, or action asserted against the settlement proceeds.

FURTHER, that this matter is DISMISSED.

FURTHER, that the Clerk of Court shall close this case.

SO ORDERED.

Dated: July 21, 2013
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court